Barnard, P. J.
plaintiff’s intestate was killed at a crossing by the defendant’s road over a street on the same grade. The accident happened on the morning of March 3d, 1886, The deceased was the driver of a coal wagon and was going westerly across the railroad and was killed by a train going south. The train was running thirty-five miles an hour. No ordinance was proven forbidding or establishing a rate of speed within the limits of Yonkers city where the collision took place. It was proven that the statutory signals were given for the crossing. The evidence upon this point was conflicting, but the weight of the evidence is in favor of the defendant upon this point and the finding of the jury settles the fact if there was no error upon the trial of the issue in admitting or rejecting evidence or in the rule declared by the court for the guidance of the jury. It further appeared that at a point thirty-eight feet from the railroad track a person in the middle of the street can see a train approaching from the north 1725 feet, and the train could be seen all the way to the crossing of Fernbrook street, where deceased was driving west, and the railroad. It .was proven that the guard near the crossing cried out to the driver to stop and the warning did not arrest his course. The engineer of the train shut off his steam and reversed his engine 600 feet from the crossing, but it was too late to avoid the accident. Upon both grounds, first the neglect of the company and upon the question of contributory negligence of the company, the case fully supports the verdict. There was no one crossing the railroad at the time of the accident, and the custom of the employees of a factory west of the railroad crossed there was immaterial upon the question presented. There was no proof of an excessive rate of speed in the running of the train, but the reverse. That it was going at a usual rate of speed, and therefore a request based upon an excessive rate of speed had no foundation of proof to support the request.
The request to submit to the jury the question, whether in view of the proof that there was neither flagman or gates at the crossing, for them to “say whethei oi not the defendants should have adopted either or both of these, precautions/' was properly refused. Houghkirk v Delaware, etc., Canal Co. (92 N Y , 220) The charge in respect to the question of the statutory signals was correct as the case was tried. The absence of signals was the only fact pre *869 sented upon which, to predicate an inference of negligence against the defendant. With additional proofs as to other subjects no doubt the court would have properly left such questions as the proof tended to raise to the verdict of the jury.
The judgment should be affirmed, with costs.
Dykman and Pratt, JJ., concur.